**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ASK THE SEAL, LLC,<br><br>　　　　　Defendant. | Civil Action No.: 8:26-cv-01228-VMC-AEP<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM** |

Plaintiff hereby moves for leave to proceed in pseudonym and states the following in support.

## I.　RELEVANT FACTS

On or about March 21, 2021, Plaintiff obtained an expungement of certain criminal records originating in the State of Indiana. Thereafter, Plaintiff's significant other passed away, leaving him to provide for their daughter on his own. Accordingly, Plaintiff applied for employment with Hawkins Service Company. As part of the application process, Plaintiff consented to a background check. Plaintiff's prospective employer purchased an employment screening background check from Defendant Ask the Seal, LLC ("Defendant"). That background check inaccurately reported the expunged records. This lawsuit followed.

## II.　APPLICABLE LAW

The Eleventh Circuit summarized the relevant legal principles in *Doe v.*

*Neverson*:

> Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." [*Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)]. A party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

> Whether a party's right to privacy outweighs the presumption of openness is a "totality-of-the-circumstances question." *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. July 16, 2020). We have said that the "first step" is to consider whether the party seeking anonymity "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id. at 1247*. Along with these factors, a court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Francis*, 631 F.3d at 1316).

*Doe v. Neverson*, 820 F. App'x 984, 986–87 (11th Cir. 2020). *See also In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1246-48 (11th Cir. 2020).

In exercising its discretion, the Court should consider the specific circumstances of the case and weigh the relevant factors. *Francis*, 631 F.3d at 1315–1316. The Court should further consider "(4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced." *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

## III.  ARGUMENT

### A. THE TOTALITY OF THE CIRCUMSTANCES REQUIRE THAT PLAINTIFF BE ALLOWED TO PROCEED UNDER A PSEUDONYM TO PROTECT INFORMATION OF THE UTMOST INTIMACY

Under the test articulated by the Eleventh Circuit, only factors 2, 4 and 5 are involved here. Plaintiff's criminal records are information of the utmost intimacy, and Plaintiff would undoubtedly suffer injury if compelled to be identified. Plaintiff may disclose his identity to Defendant pursuant to a protective order, to allow Defendant to defend against Plaintiff's claims.

### i.  Under Federal And Indiana Law, Plaintiff's Criminal Records Are Information Of The Utmost Intimacy

Federal law entitles Plaintiff to *confidentiality, accuracy, relevancy, and proper utilization* of his criminal records. This case is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*., which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the **confidentiality, accuracy, relevancy, and proper utilization of such information** in accordance with the requirements of this subchapter.

§ 1681(b) (emphasis supplied).

The FCRA itself provides that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." §1681(a)(4).

3

Section 1681b lists the permissible purposes for which consumer reports — which include Plaintiff's criminal records— may be disclosed. Section 1681b expressly states that there are no other permitted purposes. Section 1681c(a)(2) further requires that records of arrest not be reported when they are seven years older than the date of the report.

Indiana law also provides that individuals with expunged records are not to be subject to the embarrassment and stigma inherent in the association with a criminal record. "With specific [inapplicable] exceptions related to subsequent criminal conduct, '[a] person whose record is expunged **shall be treated as if the person had never been convicted of the offense**.'" *H.M. v. State*, 65 N.E.3d 1054, 1058 (Ind. App. 2016) (emphasis added) (quoting I.C. § 35–38–9–10(e)). Indeed, "[t]he expungement statutory scheme at issue here is a remedial one, namely, 'to give individuals who have been convicted of certain crimes' 'a second chance by not experiencing many of the stigmas associated with a criminal conviction.' *H.M.*, 65 N.E.3d at 1059 (quoting *Taylor v. State*, 7 N.E.3d 362, 367 (Ind. Ct. App. 2014)). "As a remedial statute, we must liberally construe the expungement statute to give effect to that remedy." *H.M.*, 65 N.E.3d at 1059 (citing *Brown v. State*, 947 N.E.2d 486, 490 (Ind. Ct. App. 2011), *trans. denied*.

Courts have held that the FCRA requires a consumer reporting agency's [such as Defendant] reports be "both technically accurate and not misleading." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020).

Therefore, the interplay of the FCRA and I.C. § 35–38–9–10 prohibit the reporting of Plaintiff's criminal records when doing so would be "misleading".

Here, the complaint alleges that Defendant's reporting of Plaintiff's expunged records as though they were still outstanding is both false and misleading because those records have been expunged by operation of Indiana law and are thus to be treated as if they never existed (*see H.M.*, 65 N.E.3d at 1058), and thus, Plaintiff is permitted to deny its existence (*see Farach*, 305 So. 3d at 57).

### ii. Plaintiff Would Be Injured If Identified

As stated above, Indiana law has already operated to expunge Plaintiff's criminal records. If forced to identify himself, Plaintiff will be effectively creating a public record linking his identity to Defendant's reporting of his criminal records. Thus, the general public would be able to connect Plaintiff's identity to his expunged criminal records, which could not have been legally reported under the FCRA and Indiana law.

Frankly stated, denial of Plaintiff's motion would require him to choose between the enforcement of his federal rights and the enjoyment of his state rights. As another district court has correctly noted, "in today's internet age, the docket filings [for a case] are likely to remain pervasively available." *A.D. v. Wyndham Hotels & Resorts*, No. 4:19cv120, 2020 U.S. Dist. LEXIS 163851, at *5 (E.D. Va. Mar. 20, 2020) (quotation omitted). That is, Plaintiff's litigating to hold Defendant accountable for falsely associating him with a criminal record will have the effect of massively distributing the very same falsehood. Unless permitted to proceed in pseudonym,

Plaintiff's action would be the equivalent of attaching a bullhorn to Defendant's falsity that was heretofore in limited, though injurious, circulation.

Stated another way, without leave to proceed under pseudonym, Plaintiff will be forced to choose between (1) maintaining the clear judicial record wherein no publicly available information links him to a criminal record, or (2) prosecuting the statutory protections provided him by the FCRA. Plaintiff therefore asserts that he will most certainly "risk suffering injury" if required to identify himself to the public in order to prosecute this claim.

### iii. Defendant Will Not Be Prejudiced By Plaintiff Proceeding Under A Pseudonym

A protective order will allow Plaintiff to disclose his identity to Defendant while keeping his identity confidential to the general public. Therefore, Defendant will be allowed to adequately defend against this case. Because Plaintiff's criminal records (or lack thereof) are of the utmost privacy under the interplay of Indiana law and the FCRA, because Plaintiff would risk severe injury if he were to disclose his identity to the general public in this suit, and because Defendant will be able to adequately defend against Plaintiff's claims without forcing Plaintiff to self-identify with the inaccurate reporting at issue, the totality of the circumstances test abundantly establishes that Plaintiff's privacy concerns substantially outweigh the public interest at issue.

### B. PLAINTIFF'S RIGHT TO PRIVACY IS PRECISELY THE CONCERN THE ELEVENTH CIRCUIT HAS HELD MERITS ANONYMITY

Plaintiff's case involves more than a mere embarrassment. Plaintiff's privacy concerns are protected by both federal and Indiana state law requiring disclosures that

6

are technically accurate and not misleading. As the Eleventh Circuit has held, in considering a motion to proceed under pseudonym, the Court should give adequate consideration to (a) the "degree of intimacy", that is whether the "issues involved are matters of a sensitive and highly personal nature"; and (b) the "amount of harm [of] losing anonymity". *Francis*, 631 F.3d 1316-17.

Here, Plaintiff's criminal records are of a "sensitive and highly personal nature" as recognized by the Indiana legislature in enacting the expungement statute at issue. The Indiana court found that Plaintiff met all the eligibility criteria and that his petition met all the requirements under the statute and ordered Plaintiff's criminal records expunged. Thus, under Indiana law, those records are to be treated "'**as if the person had never been convicted of the offense**.'" *H.M.*, 65 N.E.3d at 1058 (emphasis added) (quoting I.C. § 35–38–9–10(e)).

Revealing his identity to the general public will cause certain and severe harm to Plaintiff, to the point that Plaintiff will need to decide if he values his privacy more than the vindication of his rights under the FCRA. On this point the Eleventh Circuit has already determined that dismissing as conclusory the harm of creating a record linking a person's identity to offending facts, is an abuse of discretion. *Francis*, 631 F.3d at 1317-18 ("The court completely disregarded one of their expert's testimony on the psychological damage of being labeled a 'slut' and dismissed testimony from the other expert—a clinical psychologist who interviewed and evaluated Plaintiff B, the one who seems to have the most risk of injury from public disclosure of her name—as 'conclusory.' [R. 419 at 8.] Further, the district court failed to demonstrate its

7

comprehension of what exactly is at stake for the Plaintiffs. **The Plaintiffs had put on a convincing case that, by being identified, they will permanently be linked with the videos containing the footage of them**.") (emphasis added).

A comparison of the types of privacy concerns allowing anonymity highlights that confidentiality recognized by statute is regularly allowed to proceed anonymously whereas mere embarrassment is not.

> Matters impacting "personal information of the utmost intimacy" include, for example, <u>abortion, the use of birth control, homosexuality, sexually-exploited minor children, and personal religious beliefs</u>. See, e.g., *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (reversing district court's denial of plaintiffs'—all females under the age of eighteen––motion to proceed under pseudonyms, where plaintiffs sued a film distributor for publishing nude pictures and videos of them captured during college spring breaks); *Roe*, 253 F.3d at 685 (reversing district court's denial of a plaintiff's motion to proceed under a pseudonym, where plaintiff alleged medical injuries sustained during an abortion procedure); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (reversing denial of plaintiffs' motion to proceed under pseudonyms, where plaintiffs challenged the constitutionality of prayer and Bible instruction in Mississippi public schools); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 438–39 (S.D.N.Y. 1988) (granting homosexual plaintiff's motion to proceed under pseudonym in case challenging health insurance company's allegedly discriminatory policy because "[c]oncern to avoid public identification as a homosexual is heightened in light of the widespread public fear engendered by the Acquired Immunodeficiency Syndrome ('AIDS') crisis").

*Doe #1 v. Austin*, No. 8:22-CV-121-JLB-SPF, 2022 WL 2116797, at *3 (M.D. Fla. June 10, 2022) (emphasis added).

> [A] desire to avoid uncomfortable workplace conversations is, at its core, a social consideration that is neither highly sensitive nor personal in nature under case precedent. In fact, many courts within the Eleventh Circuit have declined to grant anonymity to plaintiffs facing the prospect of exposure as <u>an alcoholic, a sex offender, a transgender individual, and even an adult victim of rape</u>. See *Frank*, 951 F.2d at 324 (alcoholic); *Doe*

*v. Samford Univ.*, No. 2:21-CV-00871-ACA, 2021 WL 3403517, at \*2 (N.D. Ala. July 30, 2021) (sex offender); *Doe v. Reyes 1, Inc.*, No. 5:19-CV-320-TES, 2019 WL 12493582, at \*1 (M.D. Ga. Aug. 19, 2019) (transgender individual); *Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019) (rape victim).

*Id*. at \*5. (emphasis added).

Here, as the Eleventh Circuit found in *Francis*, the harm Plaintiff would suffer if forced to reveal his identity creates a permanent injury as recognized by Indiana law that this litigation is precisely aimed at correcting pursuant to the FCRA. The FCRA requires that any disclosure for any of the limited permissible purposes be "not misleading". Plaintiff's harm here is much more than embarrassment; it is the waiving of the protections granted by federal and state law. Forcing Plaintiff to choose between his rights under state law or obtaining relief for his damages under federal law would cause enormous harm, surpassing mere embarrassment. Therefore, the Court should grant leave permitting Plaintiff to proceed under a pseudonym.

## IV.   CONCLUSION

Because both federal and Indiana law recognize the confidentiality of Plaintiff's criminal records, and forcing Plaintiff to reveal his identity would create a situation where Plaintiff would be required to waive his protections under Indiana law to seek enforcement of his FCRA rights, the Court should grant leave to Plaintiff to proceed under a pseudonym.

/ /

RESPECTFULLY SUBMITTED this 6th day of May 2026.

By: */s/ Catherine Tillman*

Catherine Tillman, FL Bar No. 0057663
**Consumer Justice Law Firm PLC**
8095 North 85th Way
Scottsdale, Arizona 85258
Phone: (941) 263-7310
Fax: (480) 613-7733
Email: ctillman@consumerjustice.com

*Attorneys for Plaintiff John Doe*

10